K4o1parp

1   UNITED STATES DISTRICT COURT
    SOUTHERN DISTRICT OF NEW YORK
2   ------------------------------x

3   UNITED STATES OF AMERICA,

4             v.                        20 Cr. _____
                                        19-mj-07561
5   ANDREW PARKER,

6             Defendant.                Plea
                                        (Via Teleconference)
7   ------------------------------x

8                                       New York, N.Y.
                                        April 24, 2020
9                                       10:44 a.m.

10

    Before:
11
                          HON. SARAH NETBURN,
12
                                          Magistrate Judge
13

14                          APPEARANCES

15  GEOFFREY S. BERMAN
         United States Attorney for the
16       Southern District of New York
    BY:  SARAH MORTAZAVI
17       Assistant United States Attorney

18  LARUSSO & CONWAY, L.L.P.
         Attorneys for Defendant
19  BY:  JOSEPH R. CONWAY, ESQ.

20

21

22

23

24

25

1      (Case called)

2           THE DEPUTY CLERK:  Counsel, would you please state

3  your name for the record.

4           MS. MORTAZAVI:  Good morning, your Honor.  Sarah

5  Mortazavi for the government.

6           THE COURT:  Good morning.

7           MR. CONWAY:  Good morning, your Honor.  It's Joseph

8  Conway, Larusso & Conway, L.L.P., 300 Old Country Road, Suite

9  341, Mineola, New York, 11501, for Mr. Parker.

10          THE COURT:  Thank you.  Good morning.

11          And good morning, Mr. Parker.  My name is Judge

12 Netburn.

13          THE DEFENDANT:  Good morning, your Honor.

14          THE COURT:  All right.  As everyone knows, we're in

15 the midst of a COVID-19 pandemic, and we are all appearing

16 before me by telephone.  And I'll note that the telephone line

17 is open to the public on a listen-only basis.  I'll remind

18 everyone on this call that there is a general prohibition

19 against recording or rebroadcasting court proceedings and that

20 violations of those prohibitions may result in sanctions as

21 determined appropriate by the Court.

22          Mr. Parker, can you clearly hear me?

23          THE DEFENDANT:  Yes, I can hear you.

24          THE COURT:  Okay.  If at any point in time you can't

25 hear what I am saying, will you be sure to let me know?

1           THE DEFENDANT:  Okay.  Will do.

2           THE COURT:  And as to the other participants on the

3    call, can the government hear me clearly?

4           MS. MORTAZAVI:  Yes, your Honor, I can hear you.

5           THE COURT:  Okay.  And Mr. Conway, can you hear me

6    clearly?

7           MR. CONWAY:  Yes, I can, your Honor.

8           THE COURT:  Okay.  Mr. Parker, under normal

9    circumstances, you would be appearing before me in the

10   courtroom and you'd be appearing in person.  You may, however,

11   consent to appear by telephone for this plea.  Do you consent

12   to appear before me by telephone?

13          THE DEFENDANT:  Yes, your Honor.

14          THE COURT:  Okay.  And I've received your signed

15   consent form, which I'll go ahead and sign as well,

16   acknowledging that consent.

17          We are here today for, as I understand it, a guilty

18   plea as to the misdemeanor information.  I have before me a

19   Consent to Proceed –– hold on.  I'm breaking up a little bit.

20   Let me see if I can move to a better room.

21          All right.  Let's see if this is any better.

22          Ms. Slusher, does this sound any better to you?

23          THE DEPUTY CLERK:  That sounds great, Judge.

24          THE COURT:  Okay.  Go ahead and let me know if I start

25   to break up again.

1          As I indicated, we're here for Mr. Parker's guilty

2    plea to the misdemeanor information.  I have before me a

3    Consent to Proceed Before a United States Magistrate Judge on a

4    Misdemeanor Plea that Mr. Parker has signed.  What this form

5    says is that knowing you have the right to have this plea taken

6    by a United States district judge, you are agreeing to have

7    this plea taken by me, a United States magistrate judge.

8    Mr. Parker, is that correct?

9          THE DEFENDANT:  Yes, your Honor.

10         THE COURT:  And before you signed this form, did your

11   lawyer explain that to you?

12         THE DEFENDANT:  Yes, your Honor.

13         THE COURT:  Okay.  It is accepted.

14         I have before me an information.  It charges you with

15   one count of conspiracy to commit misdemeanor possession of

16   heroin in or about April 2019.  That's a violation of Title 21

17   of the United States Code Sections 846 and 844(a).

18         Mr. Parker, I've been informed that you wish to change

19   your plea and enter a plea of guilty as to that charge.  Is

20   that correct?

21         THE DEFENDANT:  Yes, your Honor.

22         THE COURT:  Before deciding whether to accept your

23   guilty plea, I'm going to ask you certain questions.  It's very

24   important that you answer these questions honestly and

25   completely.  The purpose of these proceedings is to make sure

1   that you understand your rights, to decide whether you are

2   pleading guilty of your own free will, and to make sure that

3   you are pleading guilty because you are guilty and not for some

4   other reason.  Do you understand what I'm saying?

5         THE DEFENDANT:  Yes, your Honor.

6         THE COURT:  If you don't understand any of my

7   questions or if you want time to consult with your lawyer,

8   please say so because it's important that you understand every

9   question before you answer it.  Will you do that?

10         THE DEFENDANT:  Yes, your Honor.

11         THE COURT:  Okay.  Ms. Slusher, are you prepared to

12   swear in the defendant?

13         THE DEPUTY CLERK:  Yes, your Honor.

14         THE COURT:  Okay.  Please do so.

15         (Defendant sworn)

16         THE COURT:  Thank you.

17         Mr. Parker, you understand that you're now under oath

18   and that if you answer any of my questions falsely, you can be

19   prosecuted for perjury based on any false answers?  Do you

20   understand that?

21         THE DEFENDANT:  Yes, your Honor.

22         THE COURT:  Okay.  Can I have your full name.

23         THE DEFENDANT:  Andrew Parker.

24         THE COURT:  And how old are you, sir?

25         THE DEFENDANT:  I am 32.  31.

K4o1parp

 1          THE COURT:  31?  32?

 2          THE DEFENDANT:  32.  I was born on 9/8/87.  I'm 31.

 3          THE COURT:  All right.  Sometimes it's hard to

 4   remember.  I do the same thing.

 5          THE DEFENDANT:  Yeah.

 6          THE COURT:  All right.  Are you a United States

 7   citizen?

 8          THE DEFENDANT:  Yes, your Honor.

 9          THE COURT:  Okay.  The reason that I ask whether

10   you're a United States citizen is because if you were found to

11   not be a citizen, your conviction could have consequences for

12   your ability to remain in the United States.  For example, if

13   you were found to be a noncitizen, you could be removed from

14   the United States, denied citizenship, or denied admission to

15   the United States in the future, and you would still be bound

16   by your guilty plea regardless of those immigration

17   consequences.

18          Mr. Parker, how far did you go in school?

19          THE DEFENDANT:  I finished some college.

20          THE COURT:  Some college.  Do you know how many

21   credits you completed?

22          THE DEFENDANT:  I do not recall how many credits.  I

23   finished one full year of college.

24          THE COURT:  Okay.  Were you studying anything in

25   particular?

K4o1parp

1      THE DEFENDANT:  Yeah, I was.  I was majoring in

2    finance.

3      THE COURT:  Do you have any intention to continue your

4    education?

5      THE DEFENDANT:  No, not at this time.

6      THE COURT:  Okay.  Are you currently or have you

7    recently been under the care of a doctor or psychiatrist for

8    any reason?

9      THE DEFENDANT:  No.

10      THE COURT:  Have you taken any mind-altering drugs,

11    medicine, or pills or consumed any alcohol in the last 24

12    hours?

13      THE DEFENDANT:  No, your Honor.

14      THE COURT:  Is your mind clear today?

15      THE DEFENDANT:  Yes.

16      THE COURT:  Do you understand what is happening in

17    these proceedings?

18      THE DEFENDANT:  Yes, your Honor.

19      THE COURT:  Okay.  Let me first ask the government:

20    Do you have any objections to the defendant's competence to

21    enter a guilty plea at this time?

22      MS. MORTAZAVI:  No, your Honor.

23      THE COURT:  And Mr. Conway, do you have any objections

24    to the defendant's competence to enter a guilty plea at this

25    time?

K4o1parp

1      MR. CONWAY:  No, your Honor.

2      THE COURT:  Thank you.

3      Mr. Parker, have you received a copy of the written

4   version of the charge against you in this case, known as the

5   misdemeanor information?

6      THE DEFENDANT:  Yes, your Honor.

7      THE COURT:  Have you read it?

8      THE DEFENDANT:  Yes, your Honor.

9      THE COURT:  Do you understand what it says?

10      THE DEFENDANT:  Yes.

11      THE COURT:  Do you want me to read it to you in open

12   court?

13      THE DEFENDANT:  I don't -- I don't think that's

14   necessary, unless you think that's necessary.

15      THE COURT:  Only if you would like me to.  You have a

16   right to have it read in open court if you'd like.

17      THE DEFENDANT:  No.  I've already -- I've had

18   sufficient time to read and review it with my attorney.

19      THE COURT:  Okay.  And you understand that you're

20   charged with a misdemeanor offense of possessing heroin and

21   that that's a violation of Title 21 of the United States Code

22   Sections 846 and 844(a)?  You understand that?

23      THE DEFENDANT:  Yes, your Honor.

24      THE COURT:  Have you had time to talk with your

25   attorney about this charge and about how you wish to plead?

SOUTHERN DISTRICT REPORTERS, P.C.
(212) 805-0300

K4o1parp

1          THE DEFENDANT:  Yes, your Honor.

2          THE COURT:  Has he told you the consequences of

3    pleading guilty?

4          THE DEFENDANT:  Yes, your Honor.

5          THE COURT:  Are you satisfied with your attorney's

6    representation of you?

7          THE DEFENDANT:  Yes, your Honor.

8          THE COURT:  I'm now going to explain certain

9    constitutional rights that you have.  These are rights that you

10   will be giving up if you enter a guilty plea.  Please listen

11   carefully to what I'm about to say, and if you don't understand

12   something, please ask me and I will explain it to you more

13   fully, okay?

14         THE DEFENDANT:  Okay.

15         THE COURT:  Under the Constitution and the laws of the

16   United States, you have the right to plead not guilty to the

17   charge contained in this information.  Do you understand that?

18         THE DEFENDANT:  Yes, your Honor.

19         THE COURT:  And if you pled not guilty, you would be

20   entitled, under the Constitution, to a speedy and public trial

21   by a jury of that charge.

22         At that trial, you would be presumed innocent, and the

23   government would be required to prove you guilty beyond a

24   reasonable doubt before you could be found guilty.  That means

25   that you would not have to prove that you are innocent, and you

1  would not be convicted unless a jury of 12 people agreed

2  unanimously that you are guilty beyond a reasonable doubt.  Do

3  you understand that?

4           THE DEFENDANT:  Yes, your Honor.

5           THE COURT:  If you decide to go to trial, at that

6  trial and at every stage of your case, you would have the right

7  to be represented by an attorney.  If you could not afford an

8  attorney, one would be appointed to represent you at the

9  government's expense and at no cost to you.  When an attorney

10  is appointed, that attorney is appointed to handle your case

11  all the way through trial and not just for a guilty plea, so

12  your decision to plead guilty here today should not depend on

13  whether you can afford to hire an attorney.  Do you understand

14  that?

15           THE DEFENDANT:  Yes, your Honor.

16           THE COURT:  During a trial, the witnesses for the

17  prosecution would have to come to court and testify in your

18  presence where you could see and hear them, and your lawyer

19  could cross-examine those witnesses.  And, if you wanted, your

20  lawyer could offer evidence on your behalf.  You would be able

21  to use the court's power to compel witnesses to come to court

22  and testify in your defense even if they did not want to.  Do

23  you understand that?

24           THE DEFENDANT:  Yes, your Honor.

25           THE COURT:  At a trial, you would have the right to

K4o1parp

1    testify in your own defense if you wanted to, but you would

2    also have the right not to testify, and if you chose not to

3    testify, that could not be used against you in any way.  No

4    inference or suggestion of guilt could be made from the fact

5    that you did not testify.  Do you understand that?

6             THE DEFENDANT:  Yes, your Honor.

7             THE COURT:  If you were convicted at trial, you would

8    have the right to appeal that verdict to a higher court.  Do

9    you understand that?

10            THE DEFENDANT:  Yes, your Honor.

11            THE COURT:  And as I said before, you have the right

12   to plead not guilty.  Even right now, even as you sit here

13   today for the purposes of entering a guilty plea, you have the

14   right to change your mind, persist in your not guilty plea, and

15   proceed to trial.  But if you do plead guilty and I accept your

16   plea, you will give up a trial and all of the other rights that

17   go with it that I've just described.

18            If you plead guilty, there will be no trial.  All that

19   will remain to be done will be to impose a sentence.  You and

20   the government will have a chance to make arguments about what

21   that sentence should be, but there will not be any further

22   trial to determine whether you are guilty or not guilty of the

23   charge to which you pled guilty.  Do you understand that?

24            THE DEFENDANT:  Yes, your Honor.

25            THE COURT:  Do you understand that the decision as to

1   the appropriate sentence in your case will be entirely up to

2   the sentencing judge, and that that judge will be limited only

3   by what the law requires?  This means that even if you are

4   surprised or disappointed by your sentence, you will still be

5   bound by your guilty plea.  Do you understand that?

6             THE DEFENDANT:  Yes, your Honor.

7             THE COURT:  Finally, if you do plead guilty, you are

8   also giving up your right not to incriminate yourself, and I

9   will ask you questions about what you did in order to satisfy

10  myself that you are actually guilty.  By pleading guilty, you

11  will be admitting your factual as well as your legal guilt.  Do

12  you understand that?

13            THE DEFENDANT:  Yes, your Honor.

14            THE COURT:  Mr. Parker, you said earlier that you read

15  the information charging you with possession of heroin.  I'm

16  now going to ask the assistant United States attorney to state

17  the elements of that charge.  The elements are the things that

18  the government will have to prove beyond a reasonable doubt if

19  the case were to proceed to trial.

20            MS. MORTAZAVI:  This is Sarah Mortazavi.

21            In order to prove the defendant guilty of conspiracy

22  to possess narcotics, in violation of Title 21 United States

23  Code Sections 846 and 844, the government would have to prove

24  the following elements beyond a reasonable doubt:

25            First, that there was an unlawful agreement to possess

1  controlled substances; and

2    Second, that the defendant knowingly became a member

3  of the conspiracy -- that is, he knowingly associated with the

4  conspiracy and participated in the conspiracy to possess a

5  controlled substance.  And here, the object of the offense was

6  possession of narcotics, in violation of Title 21 United States

7  Code Section 844(a).  The narcotic in question was heroin.

8    The government is further prepared to prove venue by a

9  preponderance of the evidence.

10    THE COURT:  Thank you.

11    Sir, I'm now going to tell you about the maximum

12  possible penalties for this crime.  The maximum means the most

13  that could possibly be imposed, it does not mean this is what

14  you will necessarily receive, but you have to understand that

15  by pleading guilty, you are exposing yourself to the

16  possibility of receiving any combination of punishments up to

17  the maximum I'm about to describe.  Do you understand that?

18    THE DEFENDANT:  Yes, your Honor.

19    THE COURT:  First I'm going to tell you about the

20  possible restrictions on your liberty.

21    The maximum term of imprisonment is one year, and

22  there is a maximum term of supervised release of one year.

23  Supervised release means that if you are sentenced to prison

24  and thereafter released from prison, you may be subject to

25  supervision by the probation department.  I want you to

1    understand that if you are placed on supervised release and

2    then violate any of the conditions of that release, I may

3    revoke the terms of supervised release that were previously

4    imposed and return you to prison without giving you any credit

5    for the time that you served on postrelease supervision.  Do

6    you understand that?

7              THE DEFENDANT:  Yes, your Honor.

8              THE COURT:  Second, in addition to these restrictions

9    on your liberty, the maximum possible punishment also includes

10   certain financial penalties.  In this case, the maximum

11   allowable fine is the greatest of $100,000 or twice what was

12   made by the criminal activity or twice what someone other than

13   yourself lost because of the criminal activity.

14             There is also a mandatory special assessment of $25

15   that must be imposed for the count of conviction.

16             I'll note as well that there is a minimum fine of

17   $1,000 that the Court must impose.

18             Sir, has anyone threatened you or coerced you in any

19   way to get you to plead guilty?

20             THE DEFENDANT:  No, your Honor.

21             THE COURT:  Has anyone other than the prosecution by

22   way of this plea agreement promised you or offered you anything

23   to get you to plead guilty?

24             THE DEFENDANT:  No, your Honor.

25             THE COURT:  And as I just referenced, there is an

K4o1parp

1    agreement between you and the government concerning this plea,

2    is that correct?

3             THE DEFENDANT:  Yes, your Honor.

4             THE COURT:  Did you read this agreement?

5             THE DEFENDANT:  Yes, your Honor.

6             THE COURT:  And did you have an opportunity to discuss

7    it with your lawyer?

8             THE DEFENDANT:  Yes, your Honor.

9             THE COURT:  And do you understand its terms?

10            THE DEFENDANT:  Yes.

11            THE COURT:  And have you signed the agreement?

12            THE DEFENDANT:  Yes.

13            THE COURT:  Okay.  And did you sign the agreement

14   after you read it and discussed it with your lawyer?

15            THE DEFENDANT:  Yes, your Honor.

16            THE COURT:  It appears that you and the government

17   have agreed as to the appropriate calculation of your sentence

18   under the Sentencing Guidelines.  Is that correct?

19            THE DEFENDANT:  Yes, your Honor.

20            THE COURT:  And you have agreed to a stipulated

21   guidelines range of one to seven months' imprisonment, is that

22   correct?

23            THE DEFENDANT:  Yes, your Honor.

24            THE COURT:  In addition, you have agreed to the

25   appropriate calculation of any fine that may be imposed and

K4o1parp

1    stipulated to a fine range of 1,000 to $9,500, is that correct?

2          THE DEFENDANT:  Yes, your Honor.

3          THE COURT:  You have agreed, by way of this plea

4    agreement, that you will not seek any departure or an

5    adjustment pursuant to the guidelines that's not set forth in

6    this agreement.  Do you understand that?

7          THE DEFENDANT:  Yes, your Honor.

8          THE COURT:  However, this agreement does allow you to

9    seek a sentence that is outside of the stipulated guidelines

10    range based on the factors that are set forth in our sentencing

11    statute, which you can find at Title 18 of the United States

12    Code Section 3553(a).  Do you understand that?

13          THE DEFENDANT:  Yes, your Honor.

14          THE COURT:  In this plea agreement you have limited in

15    certain respects your ability to appeal from your conviction

16    and sentence.  Do you understand that?

17          THE DEFENDANT:  Yes, your Honor.

18          THE COURT:  Specifically, you've agreed that you will

19    not appeal any sentence that is within or below the stipulated

20    guidelines range of one to seven months' imprisonment.  Do you

21    understand that?

22          THE DEFENDANT:  Yes, your Honor.

23          THE COURT:  Okay.  And to be clear, when I say that

24    you won't appeal, this includes both a direct appeal, a

25    collateral challenge, sometimes called a habeas motion, or a

K4o1parp

1    motion for a sentence modification.  Do you understand all

2    that?

3              THE DEFENDANT:  Yes, your Honor.

4              THE COURT:  In addition, you've agreed that you will

5    not appeal or challenge any term of supervised release that is

6    less than or equal to the statutory maximum of one year.  Do

7    you understand that?

8              THE DEFENDANT:  Yes, your Honor.

9              THE COURT:  And you've agreed that you will not appeal

10   any fine that is less than or equal to $9,500 or a special

11   assessment that is less than or equal to $25.  Do you

12   understand all of that?

13             THE DEFENDANT:  Yes, your Honor.

14             THE COURT:  Okay.  It's important that you understand

15   that the calculations and recommendations related to sentencing

16   are not binding on me, if I am the judge who will sentence you,

17   and that I may adjust those recommendations and calculations

18   without allowing you to withdraw your guilty plea.  Do you

19   understand that?

20             THE DEFENDANT:  Yes, your Honor.

21             THE COURT:  I'm required to make my own independent

22   calculations under the Sentencing Guidelines and then impose a

23   sentence based on what I believe is the appropriate sentence

24   for you, even if that sentence is different from the one set

25   forth in this agreement.  Do you understand that?

K4o1parp

1          THE DEFENDANT:  Yes, your Honor.

2          THE COURT:  In determining that sentence, I will

3   consider, in addition to the guidelines and possible departures

4   from those guidelines, all of the factors that are set forth in

5   the sentencing statute which I just mentioned, which, again,

6   you can find at Title 18 of the United States Code Section

7   3553(a).  Those factors include the nature and circumstances of

8   the offense and the history and characteristics of you, the

9   defendant; the need for the sentence imposed; the kinds of

10  sentences that are available; the sentencing range provided

11  under the guidelines; the need to avoid sentencing disparities;

12  and the need to provide restitution to victims.

13         In addition, I'll consider the presentence report

14  which is prepared by the probation department in advance of

15  your sentencing.  Before you are sentenced, you and the

16  government will have an opportunity to challenge the facts that

17  are reported by the probation officer.

18         Mr. Parker, now that you've been advised of the charge

19  against you, the possible penalties that you face, and the

20  rights that you would be giving up, is it still your intention

21  to plead guilty to Count One of the information?

22         THE DEFENDANT:  Yes, your Honor.

23         THE COURT:  Okay.  With respect to Count One of the

24  information, how do you plead?

25         THE DEFENDANT:  Guilty.

K4o1parp

1    THE COURT:  Can you tell me in your own words what you

2  did to make you believe that you're guilty of that charge.

3    THE DEFENDANT:  Yes.

4    During the month of April 2019, within the Southern

5  District of New York and elsewhere, together with others, I did

6  knowingly and intentionally possess a controlled substance.

7  The substance I possessed was a mixture of substances, and one

8  of the substances was heroin.

9    THE COURT:  Did you know that what you were doing was

10  illegal at the time?

11    THE DEFENDANT:  Yes.

12    THE COURT:  And what you just read I'm sure was

13  prepared with the assistance of your lawyer, which is fine, but

14  I want to make sure that you understand everything that you

15  just stated.

16    THE DEFENDANT:  Yes, I understand.

17    THE COURT:  Okay.  Does the government believe that

18  that was a sufficient allocution for the guilty plea?

19    MS. MORTAZAVI:  Your Honor, if you could please

20  allocute the defendant on the existence of an agreement with

21  the other parties.  I believe he said he participated in the

22  activities with them, but I would just like clarification on

23  whether an agreement existed.

24    THE COURT:  Okay.  Mr. Parker, you indicated that you

25  were engaged in this activity with others.  Did you and others

K4o1parp

1   have an agreement, and if so, what was that agreement?

2              THE DEFENDANT:  Yes, and I made phone calls on behalf

3   of others.

4              THE COURT:  Notwithstanding that you did actions on

5   behalf of others, did you have any sort of agreement or

6   understanding with others?

7              THE DEFENDANT:  Yes, I understood what I was doing on

8   behalf of others.

9              THE COURT:  And did others understand what you were

10  doing as well, meaning was there a meeting of the minds?  Did

11  you and other people know what you were doing and did you agree

12  to do it together?

13             THE DEFENDANT:  Yes, correct.  We did -- we did

14  knowingly conspire together.

15             THE COURT:  Okay.  Does that satisfy the government?

16             MS. MORTAZAVI:  Yes, your Honor.  Thank you.

17             THE COURT:  Anything further?

18             MS. MORTAZAVI:  Not from the government.

19             MR. CONWAY:  Nothing from the defense, your Honor.

20             THE COURT:  Sorry.  I was directing that to the

21  government.  Any further questions the government would like me

22  to ask?

23             MS. MORTAZAVI:  No further questions.  Thank you.

24             THE COURT:  Would you like to proffer the evidence

25  that you would introduce if this case were to proceed to trial.

K4o1parp

1          MS. MORTAZAVI:  Certainly, your Honor.

2          Had this case proceeded to trial, the government would

3     have introduced testimony from lay and law enforcement

4     witnesses, including a confidential source who was

5     communicating with the co-conspirator; we would introduce

6     recorded communications between that source and the

7     co-conspirator; and we would introduce physical evidence,

8     including drugs that were possessed.

9          THE COURT:  Thank you.

10         Mr. Parker, on the basis of your responses to my

11    questions and my knowledge of you personally, I find that

12    you're competent to enter a guilty plea.  I'm satisfied that

13    you understand your rights, including your right to go to

14    trial; that you're aware of the consequences of your plea,

15    including the sentence that may be imposed; that you are

16    voluntarily pleading guilty; and that you've admitted that

17    you're guilty as charged in Count One of the information.  For

18    these reasons, I will accept your plea of guilty as to Count

19    One of the information.

20         I think what we're going to do is set a sentencing

21    date for sometime in September, unless anyone has an objection

22    to pushing it that far off.  I'm just trying to think of what

23    would be the most appropriate thing for probation as far as

24    getting a presentence report prepared.  Any objection to

25    pushing the sentencing to September?

K4o1parp

1          MS. MORTAZAVI:  No objection from the government.

2          MR. CONWAY:  No, your Honor.  None by the defense,

3    your Honor.

4          THE COURT:  Thank you.

5          I'm going to schedule that for September 14th at

6    10:30 a.m.  We'll issue an order to that effect.

7          And I'll direct that the probation department prepare

8    a presentence report.

9          I'll direct that the government submit a case summary

10   within 14 days.  Can you do that?

11         MS. MORTAZAVI:  Yes, your Honor.

12         THE COURT:  Okay.  And I'll direct that the defense

13   counsel reach out to probation within the next 14 days.  They

14   may be able to make arrangements for a telephone conference to

15   be interviewed.  If you could just reach out to probation

16   within the next 14 days, Mr. Conway.

17         MR. CONWAY:  I will do so, your Honor.

18         THE COURT:  All right.  And any objection to

19   continuing the present bail?

20         MR. CONWAY:  None by the defense.

21         MS. MORTAZAVI:  None by the government.

22         THE COURT:  Thank you.

23         All right.  Mr. Parker, you continue to be released

24   under the same terms of supervision as existed previously.  A

25   violation of those conditions can have very serious

K4o1parp

1  consequences, including revocation of this plea agreement by

2  the government and all of the consequences set forth in that

3  plea agreement, as well as the possibility of an additional

4  charge for bail jumping.  In addition, if you commit any

5  offense while you are on pretrial supervision, you can be

6  subjected to a more severe punishment than you might receive if

7  you'd committed the same offense at any other time.

8           Anything further from either side?

9           MS. MORTAZAVI:  Not from the government.  Thank you.

10          MR. CONWAY:  Nothing from the defense, your Honor.

11  Thank you very much.

12          THE COURT:  Everybody, I hope you all continue to be

13  healthy and safe.

14          Thank you.  We're adjourned.

15          ALL PARTICIPANTS:  Thank you, your Honor.

16                            o0o

17

18

19

20

21

22

23

24

25